UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN DEFENSE OF ANIMALS; DREAMCATCHER WILD HORSE AND BURRO SANCTUARY; BARBARA CLARKE; CHAD HANSON; LINDA HAY,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; BUREAU OF LAND MANAGEMENT; KEN SALAZAR, Secretary of the United States Department of the Interior; ROBERT ABBEY, Director of the Bureau of Land Management; KEN COLLUM, Acting Field Manager of Eagle Lake Field Office,<br><br>    Defendants. | No. 2:10-cv-01852-MCE-DAD<br><br><br><br><br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

Plaintiffs in this action, which consist of an animal rights group along with a wild horse and burro sanctuary and other concerned individuals, filed this lawsuit in an attempt to halt a planned "gather", or round-up, of wild horses and burros scheduled to commence on August 9, 2010 at the Twin Peaks Herd Management Area ("HMA").

Plaintiffs argued that the planned gather ran counter to the congressional mandate for preserving wild horses and burros as set forth in Wild Free-Roaming Horses and Burros Act, 16 U.S.C. § 1331, et seq.  Plaintiffs also contend that the provisions of the National Environmental Policy Act ("NEPA") have been violated because the Environmental Assessment for the gather fails to adequately analyze a reasonable range of alternatives, fails to ensure scientific integrity and dissenting opinion, and consequently fails to take the requisite "hard look" at the proposed action for NEPA purposes.  Because of the cumulative impacts occasioned by the gather and its unprecedented scope, Plaintiffs argued that a comprehensive Environmental Impact Statement should have been prepared before the gather moved forward.

Plaintiffs initially sought a temporary restraining order and preliminary injunction to halt the gather.  Due to the short time frame associated with that emergency request, The Safari Club International and the Safari Club International Foundation (hereinafter collectively referred to as "Safari Club") initially sought only amicus status for purposes of responding to Plaintiffs' request for injunctive relief.[1]

///

///

---

[1] The Safari Club is a non-profit organization with approximately 53,000 members worldwide.  According to the Declaration of Kevin Anderson submitted in support of its initial request for amicus curiae status, the Safari Club's missions include the conservation of wildlife, protection of the hunter, and the education of the public concerning hunting and its use as a conservation tool.  Anderson Decl., ¶¶ 3-4, ECF No. 24.

2

This Court's denial of Plaintiffs' request on August 5, 2010 in that regard prompted an emergency appeal to the Ninth Circuit, which was also denied on August 10, 2010, the day after the Twin Peaks Gather was scheduled to commence.  Through the motion now before the Court, the Safari Club seeks to increase its role to intervenor as this matter moves into a merits determination.  The Safari Club previously submitted comments in support of the subject Twin Peaks Gather Plan, and has filed similar comments in support of gather plans in other areas throughout the American West (See Safari Club's Opening Memo, 4:18-25).

The Safari Club argues that it should be allowed to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).[2]  Alternatively, Plaintiffs seek permissive intervention under the provisions of Rule 24(b).

An intervenor as a matter of right must meet all requirements of Rule 24(a)(2) by showing:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.
>
> In evaluating whether these requirements are met, courts "are guided primarily by practical and equitable considerations."  Further, courts generally "construe [the Rule] broadly in favor of proposed intervenors." "'A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.

///

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

> By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.'"

United States v. City of Los Angeles, 288 F.3d 391, 397-98 (9th Cir. 2002) (citations omitted).

Each of the aforementioned requirements articulated in Rule 24(a)(2) will be addressed in turn below.[3]

**A.   The Safari Club Has A Significant Protectable Interest Related To The Subject Matter Of This Litigation.**

A proposed intervenor has "a 'significant protectable interest' in [the] action if (1) [it asserts] an interest that is protected under some law, and (2) there is a 'relationship' between [that] legally protected interest and the plaintiff's claims." City of Los Angeles, 288 F.3d at 398 (quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)).  "The 'interest' test is not a clear-cut or bright-line rule, because '[n]o specific legal or equitable interest need be established.'" Id. (quoting Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993)).  Under the interest, test courts are required "to make a 'practical, threshold inquiry' to discern whether allowing intervention would be 'compatible with efficiency and due process." Id. (citations omitted).

---

[3] Pursuant to the parties' stipulation (ECF No. 76), this case was submitted for determination without a hearing and an order was entered accordingly on February 1, 2011 (ECF No. 78). Pursuant to the terms of the Court's order, briefing was thereafter concluded on February 17, 2011 at which point the matter was taken under submission.

4

Here, the Safari Club contends it has a legally protectable interest in the litigation based on its interest in promoting sustainable use conservation that would be harmed should the wild horses at issue be allowed to continue to grow in herd size or be returned to the range.[4] The Safari Club's members hunt various game species, including mule deer and pronghorn antelope, that compete with wild horses for food and water. Those species' population may be curbed by excess wild horses in the HMA. This interest is a sufficient one for purposes of establishing entitlement to intervention as a matter of law.

An applicant may satisfy the requirement of a "significant protectable interest" if the resolution of the plaintiff's claims will affect the applicant for intervention. Montana v. United States Environmental Protection Agency, 137 F.3d 1135, 1141-42 (9th Cir. 1998). A "significant protectable interest" exists if the applicant asserts an interest protected by law and there is a "relationship" between that interest and the plaintiff's claims. Donnelly, 159 F.3d at 409. The requisite interest need not even be direct as long as it may be impaired by the outcome of the litigation. Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 135-36 (1967). The Court concludes here that a significant protectable interest has been demonstrated.

///
///

---

[4] The Court notes that the Ninth Circuit's recent en banc decision in Wilderness Soc'y for U.S. Forest Serv., 2011 WL 117627 (9th Cir. Jan. 14, 2011) abandoned the former rule under which private parties like the Safari Club were prohibited from intervening of right on the merits of claims brought under NEPA.

5

### B. Disposition Of This Matter, May, As A Practical Matter, Impair Or Impede The Safari Club's Ability To Protect Its Interests

According to the Safari Club, if Plaintiffs herein succeed in this litigation and obtain the relief they seek, the Bureau may be forced to return excess horses to the HMA, resulting in an overpopulation degrading the natural ecosystem which, in turn, will diminish the hunting opportunities and experiences available to Safari Club members. Moreover, as the Safari Club also points out, a decision adverse to its interests here may well bear upon other proposed gathers throughout the American West. Consequently, this threshold requirement for intervention is also satisfied.

### C. Safari Club's Application To Intervene Is Timely

Three facts must be evaluated to determine whether a motion to intervene is timely:

> (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation.

United States v. State of Washington, 86 F.3d 1499, 1503 (9th Cir. 1996). "Timeliness is to be determined from all the circumstances" in the court's "sound discretion". NAACP v. New York, 413 U.S. 345, 366 (1973).

///

///

///

6

Here, the Safari Club did not initially seek to formally intervene during the preliminary injunctive relief proceedings, but has sought to do so now at a point before any other substantive (post-TRO) proceedings has commenced.  No prejudice to other parties is indicated and the proposed intervention is unquestionably timely.

### D. Existing Parties May Not Adequately Protect The Safari Club's Interests

When determining whether a proposed intervenor's interests are adequately represented, the following factors are considered:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that such other parties would neglect.

City of Los Angeles, 288 F.3d at 398 (citations omitted).

The burden of showing that existing parties may inadequately represent the Safari Club's interests is a minimal one.  As noted by the Supreme Court, all the applicant need to do is show that "the representation of [its] interest 'may be' inadequate." Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 (1972).  Any doubt as to whether the existing parties will adequately represent the intervenor should be resolved in favor of intervention.  Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993).

///
///
///

7

1    As the Safari Club points out, the federal defendants do not
2 participate in hunting or recreational activities in or near the
3 Twin Peaks HMA, but its members do.  The Safari Club consequently
4 have specific interests in this regard that may not be shared by
5 the Federal Defendants, who represent a wide variety of sometimes
6 competing interests held by various segments of the general
7 public.  The requirement that existing parties may not adequately
8 represent the Safari Club's interests is therefore satisfied.

## CONCLUSION

   After considering all the intervention factors as set forth
above, the Court finds that the Safari Club is entitled to
intervene as a matter of right in this action.  Therefore, its
Motion (ECF No. 72) is GRANTED pursuant to Rule 24(a(2).
Because the Court finds that intervention as a matter of right is
indicated, it need not address the Safari Club's alternative
argument that permissive intervention is also indicated and
declines to do so.

   IT IS SO ORDERED.

Dated: March 21, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

8